Filed 11/29/23  Sanger v. Ahn CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PRIYA SANGER et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>AHE AHN,<br><br>    Defendant and Respondent. | A165560<br><br>(San Francisco City and County Super. Ct. No. CGC-17-557610) |

Plaintiffs Priya and Michael Sanger (the Sangers) appeal from a judgment in favor of defendant Ahe Ahn, entered after the trial court rejected the Sangers' claim that a deed of trust should be set aside as a voidable transfer.  In this memorandum opinion, we affirm.[1]

The Sangers owned a multi-unit residential building in San Francisco as tenants in common with Leah Ahn, Ahe's daughter.[2]  After Leah failed to pay her portion of mortgage payments, she and the Sangers were embroiled in multiple arbitration and court proceedings.  These proceedings included

---

[1] A memorandum opinion disposes of cases that raise "no substantial issues of law or fact," including appeals that raise "factual issues that are determined by the substantial evidence rule."  (California Standards of Judicial Administration, section 8.1.)

[2] We refer to the Ahns by their first names for the sake of clarity.

1

several appeals to this court that were resolved in favor of the Sangers. (See *Sanger v. Ahn* (June 28, 2016, A145714) [nonpub. opn.]; *Ahn v. Sanger* (Jan. 15, 2021, A157260, A157935 [nonpub. opn.].) As a result of these proceedings, Leah was required to return funds to a joint tenants' account, pay her share of missed mortgage payments, and pay the Sangers their costs and attorney fees.

In this case, the Sangers sued Ahe, claiming that a deed of trust that Leah filed on the property in 2013 to secure an alleged loan from Ahe should be set aside as a "voidable fraudulent transfer." They also sought damages, punitive damages, costs, and attorney fees. The case was tried to the court, which issued a tentative decision in favor of Ahe. After considering the parties' objections and requests for clarification, the court entered a final ruling and judgment, again in Ahe's favor. The Sangers appealed after their motion for new trial was denied.

The case is governed by Civil Code section 3439.04 (section 3439.04), which provides that transfers and obligations are voidable as to creditors when certain conditions are met. One of these conditions is at the center of this appeal, and it requires the transfer or obligation to have been made "[w]ithout receiving a reasonably equivalent value in exchange." (§ 3439.04, subd. (a)(2).)

The Sangers alleged that Leah filed the deed of trust without receiving a reasonably equivalent value in exchange for it. The trial court disagreed. It found that, although "there [was] little or no documentation" of the transaction, Ahe provided money to Leah in the total amount of $600,000. The Sangers contend that if this sum was provided, it was a gift and not a loan extended in exchange for the deed of trust. As the trial court put it, the "Sangers' case depends on [a] finding that the money sen[t] to Leah, in total

2

$600,000, was a gift and not a loan. If it was a gift, then providing a [deed of trust] . . . was the transfer of an asset [subject to section 3439.04]; but it would not be if the property were subject to a valid lien [citation]. Issuing the [deed of trust] on a true loan would fail to meet the element of no reasonably equivalent exchange."

After considering the evidence, the trial court found that the $600,000 was a loan, not a gift, and that the deed of trust therefore did not qualify as a voidable transfer under section 3439.04. In the court's words, the "evidence, such as it is, is that the sum really was loaned to Leah." On appeal, the Sangers contend that this finding was not supported by substantial evidence. The contention lacks merit.[3]

We start by discussing the standard under which we must review the trial court's finding. Whether a transfer of funds was a gift or loan is normally a question of fact (see *Burkle v. Burkle* (2006) 141 Cal.App.4th 1029, 1036), which we would typically review for substantial evidence, viewing the evidence in the light most favorable to the prevailing party. (*Reynaud v. Technicolor Creative Services USA, Inc.* (2020) 46 Cal.App.5th 1007, 1015.) The test is " 'typically implicated when a defendant [on appeal] contends that the plaintiff succeeded at trial in spite of insufficient evidence.' " (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465.) But where, as here, a plaintiff on appeal contends that the defendant wrongly prevailed on the evidence, " 'the question for a reviewing court becomes whether the evidence compels a

---

[3] In light of our conclusion affirming the trial court's ruling that the deed of trust was not voidable under section 3439.04 because it secured a loan, we need not address the parties' arguments about whether other conditions of section 3439.04 were satisfied or whether the Sangers' claim fails for alternative reasons.

3

finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' " (*Juen v. Alain Pinel Realtors, Inc.* (2019) 32 Cal.App.5th 972, 978–979.)[4]

The application of this standard determines the outcome of this appeal, because the evidence did not compel a finding in favor of the Sangers. Although the Sangers presented evidence that might have supported a conclusion that the money Ahe provided to Leah was a gift, the evidence did not compel such a finding. Other evidence was submitted that supports the trial court's conclusion that the money was a loan. This evidence included Ahe's testimony that the money was a loan, and the existence of two promissory notes documenting it. As the trial court summarized, Ahe testified that the $600,000 "was a loan, and that she hoped to recoup the loan when the property was sold." We agree with the court that this was sufficient evidence of a loan. We reject as forfeited the Sangers' contention that Ahe's testimony constituted inadmissible expert testimony from a lay witness, as the Sangers failed to show that any such evidentiary objection was made in the trial court. (See *SCI California Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 563-564.)

The trial court concluded, "[W]hile I understand a parent's motive to fib for her child's benefit, I do not find that Ahe testified falsely when she said she [lent] the money to Leah, and so I find [against the Sangers] on [the

---

[4] The Sangers should be well aware of this principle, since we previously applied it to their advantage in an appeal Leah brought against a trial court ruling that was entered in their favor. (*Ahn v. Sanger*, *supra*, A157260.)

section 3439.04] claim." The testimony of a single witness is sufficient to establish a fact. (*People v. Robertson* (1989) 48 Cal.3d 18, 44.) And we cannot as a reviewing court reassess a trial court's determination that a witness was credible or otherwise reweigh the evidence. (*Reynaud v. Technicolor Creative Services USA Inc., supra,* 46 Cal.App.5th at p. 1015.) Because the trial court was not required to reject Ahe's testimony, a finding in favor of the Sangers was not required as a matter of law. We must therefore affirm the judgment.

The Sangers' September 20, 2023 request for judicial notice is denied because the document sought to be judicially noticed is unnecessary to the resolution of this appeal. (See also *In re Zeth S.* (2003) 31 Cal.4th 396, 405 [appellate court reviews correctness of judgment at time of rendition on record before lower court].) Ahe's September 25, 2023 motion for sanctions is denied. The judgment is affirmed. Ahe shall recover her costs on appeal.

_____

Humes, P.J.



WE CONCUR:




_____

Margulies, J.




_____

Getty, J.




    \*Judge of the Superior Court of the County of Solano, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*Sanger et al. v. Ahn*  A165560


6